UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|     DENISE ANN AIME ) | Case No. 07-12388-SSM |
| ) | Chapter 7 |
|                Debtor ) | |
| ) | |
| SOVEREIGN BANK ) | |
| ) | |
|                Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| DENISE ANN AIME *et al*. ) | |
| ) | |
|              Respondents ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are (a) the motion of Sovereign Bank for relief from the automatic stay in order to enforce a security interest in a 2007 Chevrolet Tahoe motor vehicle; and (b) the debtor's motion to alter or amend the order of January 17, 2008, conditioning the automatic stay. Sovereign Bank was present by counsel. The debtor, who is not represented by counsel, attempted to appear telephonically, but for reasons unknown her call (apparently made from a cell phone) was dropped. In any event, after reviewing the pleadings, the court determined that there was no material dispute as to the facts and that oral argument would not assist the court. Accordingly, the court will rule on the motion based on the pleadings filed by the parties and the record of this case.

1

Background

The relevant facts are set forth at some length in this court's order of January 17, 2008 (Doc. # 48) and will be repeated only to the extent necessary to provide a context for the present ruling. Denise Ann Aime, formerly known as Denise A. Southerland ("the debtor"), filed a voluntary petition in this court on August 31, 2007, for adjustment of her debts under chapter 13 of the Bankruptcy Code. After being laid off from her job in the construction industry, she moved to convert her case to chapter 7, and the case was converted on September 27, 2007, with H. Jason Gold being appointed as chapter 7 trustee.

In January 2007, the debtor had purchased a 2007 Chevrolet Tahoe from a dealership in Warrenton, Virginia, for $53,090, with $39,610.00 of the purchase price being financed by Sovereign Bank. The installment sales contract required the debtor to make payments of $797.05 per month for 72 months beginning February 16, 2007. The Bank's lien is duly recorded on the certificate of title.

The Bank's motion for relief from the automatic stay was filed on December 18, 2007, and alleged payment defaults of $8,369.00 and a current payoff of $43,918.89. The debtor did not deny the amount of the arrears but testified that she had recently obtained employment and wished to reaffirm the loan, since she needed the vehicle both to get to work and to take her 7 year old daughter (who apparently has serious medical problems) to the doctor. In any event, because of a number of unusual circumstances discussed in the order, and because the meeting of creditors had not yet been held, the court continued the automatic stay in effect pending a final hearing but conditioned the stay upon the debtor making the January and February payments.

The debtor's motion to amend that ruling to provide additional time to make the payments was filed on February 8, 2008, and represented that the debtor never received a copy of the January 17th order (stating the address to which the payments should be mailed) and further represented that she had to take off from work beginning January 21st in order to deal with her daughter's medical issues and to provide her daughter with 24-hour care at least through February 13th.  She requested that she not be required to make payments to Sovereign Bank until March 16th.  Sovereign Bank filed a response opposing any modification of the order and providing an affidavit from an account officer stating that the Bank "will not enter into a Reaffirmation Agreement with a debtor in a Chapter 7 Bankruptcy case who is not current under his or her loan obligation at the time the Reaffirmation Agreement is requested or, if the loan is in default, who can not promptly cure any such default prior to the execution of such an agreement."  On February 26, 2008, the chapter 7 trustee (who had not filed a response to the motion for relief from stay) filed a report of no distribution.

Discussion

A.

The filing of a bankruptcy petition creates an automatic stay a broad range of creditor actions, including the enforcement of a prepetition lien against property of the debtor.  § 362(a), Bankruptcy Code.  The stay, although broad, is temporary and, with respect to acts against the debtor or property of the debtor, expires when the debtor is granted or denied a discharge. § 362(c)(2), Bankruptcy Code.  If the debtor is granted a discharge, the discharge acts as a permanent injunction against many kinds of creditor actions but does not prevent enforcement of a valid lien against property of the debtor, since liens, unless specifically avoided in the course

3

of a bankruptcy, pass through and may be enforced against the collateral following discharge. § 524(a)(2), Bankruptcy Code; *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991). A creditor who does not wish to wait for the granting of a discharge and the closing of the case may file a motion for relief from the automatic stay, which may be granted for cause, including lack of adequate protection, or if the debtor has no equity in the property and the property is not necessary for an effective reorganization. § 362(d)(1) and (2) Bankruptcy Code.

Although this is not a reorganization case, the Bank (which has the burden of proof on this issue) has presented no evidence that the debtor lacks equity in the Tahoe.[1] The Bank relies, rather, on the debtor's failure to make payments for more than ten months. It also, in its response to the debtor's motion to amend, points out that the debtor's statement of intention did not, as required by § 521(a)(2)(A), Bankruptcy Code, state an intent to surrender the vehicle, reaffirm the debt, or redeem the collateral. As a result, Sovereign argues, the automatic stay has terminated as a matter of law and the vehicle is no longer property of the estate. The court does not reach that issue, however, because the court finds that the substantial payment default, coupled with the trustee's decision not to administer the property, the debtor's financial inability to bring the payments current prior to the date she would receive a discharge (and the automatic stay would terminate as a matter of law),[2] and the creditor's unwillingness to agree to a reaffirmation except upon the original terms (which would leave the debtor in immediate

---

[1] The debtor's schedules report a fair market value for the vehicle of $40,000 and a loan balance of $39,420.

[2] The last day for filing objections to the debtor's discharge is April 21, 2008, and a discharge would normally be issued as a matter of course approximately ten days after that date.

default), constitute cause for termination of the stay. In this connection, the court does not doubt that the debtor has a great need for the vehicle. However, the debtor's need for the vehicle, however great, cannot trump the secured creditor's right to adequate protection of its security interest in the motor vehicle. Unlike real property, which typically holds its value, at least in the short term, motor vehicles tend to depreciate in value over time. Thus, the longer an automobile lender goes without payments, the greater the risk that its collateral, if repossessed and sold, will not bring enough to satisfy the debt.

B.

The ruling on the motion for relief from stay effectively moots the debtor's motion to amend the order of January 17th with respect to making adequate protection payments. The terms of that order were only temporary pending the final hearing on the motion for relief from the automatic stay. The purpose of continuing the stay in effect and of setting a final hearing for a date after the meeting of creditors (which had been rescheduled from its original date because the debtor had not filed schedules) was to give the trustee an opportunity to inquire concerning the car and to give the debtor an opportunity to negotiate a reaffirmation agreement. The trustee has now filed a report of no distribution, and Sovereign Bank, as noted, is unwilling to agree to a reaffirmation because the debtor is not current on her payments. In any event, because the stay remained in effect until the final hearing, the debtor has effectively had the benefit of the January 17th order notwithstanding her failure to make the adequate protection payments required by the order. As the court noted in the prior order, the court has no power in a chapter 7 case to require a secured creditor to agree to a loan modification or to a cure that would extend beyond the date a discharge is granted and the automatic stay terminates as a matter of law.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to amend the order of January 17, 2007, is denied as moot.

2. The motion for relief from the automatic stay is granted, and the automatic stay arising under 11 U.S.C. § 362(a) is modified to permit Sovereign Bank to enforce its security interest in a 2007 Chevrolet Tahoe, Vehicle I.D. #1GNFK13017J276902, including repossession of sale of the collateral to the extent permitted by applicable non-bankruptcy law, and, in connection with such enforcement, to send the debtor any notices required under applicable non-bankruptcy law. The automatic stay remains in full force and effect with respect to enforcement of any deficiency or other monetary claim as a personal liability of the debtor.

3. The debtor is advised than an appeal lies from this order to the United States District Court for the Eastern District of Virginia. Except as provided in Rules 8002(b) and (c), Federal Rules of Bankruptcy Procedure, any notice of appeal must be filed with the clerk of this court not later than <u>ten (10) days</u> from the entry of this order. The filing fee for a notice of appeal is $255.00. The filing of a notice of appeal does not stay the effect of this order beyond the ten days provided by Rule 4001(a)(3) unless this court or the District Court grants a stay pending appeal.

4. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____      _____
                                                                Stephen S. Mitchell
Alexandria, Virginia                                 United States Bankruptcy Judge

Copies to:

Denise Ann Aime
5278 Germantown Road
Midland, VA 22728
Debtor *pro se*

Melvin R. Zimm, Esquire
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, VA  23510
Counsel for Sovereign Bank

James M. Collins, Esquire
6600 Tenth St., A-2
Alexandria, VA  22307
Co-counsel for Sovereign Bank

H. Jason Gold, Esquire
Wiley Rein, LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22101
Chapter 7 trustee