UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| DENISE ANN AIME ) | Case No. 07-12388-SSM |
| ) | Chapter 7 |
| Debtor ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the debtor's motion for refund of personal property taxes that she says were discharged but that she was nevertheless required to pay to the County of Fauquier, Virginia. A hearing was held on January 5, 2010, at which the debtor appeared by telephone and represented herself, and the County appeared by counsel.[1] Because the court agrees with the County that the taxes were not discharged, the motion for refund will be denied.

Background

Denise Ann Aime, also known as Denise Sutherland Aime ("the debtor") filed a voluntary petition in this court on August 31, 2007, for adjustment of her debts under chapter 13 of the Bankruptcy Code. She converted the case to chapter 7 on September 27, 2007. After the

---

[1] Following the hearing, the debtor faxed to the clerk's office on January 7, 2010, a supplemental pleading entitled "Motion to Support Motion for Release of Funds." Although it does not contain a certification that it was served on counsel for the County, the court has nevertheless, out of an abundance of caution, considered the points made in the pleading. The court only notes that the issue of whether the debtor is liable to the County for the unpaid personal property taxes is different from the issue of whether she is liable to Ford Motor Credit Company for the deficiency after enforcement of the security interest in the vehicle. The simple fact is that taxes stand on a different footing than purely contractual liabilities. Additionally, the court has no power to prohibit collection of a non-dischargeable tax simply because the payment would impose a financial hardship on the debtor.

trustee filed a report of no distribution on February 26, 2008, the debtor was ultimately granted a discharge on August 14, 2008.  The County of Fauquier, Virginia, was not listed on the schedules originally filed in the case.  However, on November 13, 2009—more than one year after her discharge—the debtor filed amended schedules that added the County as a creditor with respect to 2007 personal property taxes in the amount of $327.00.  With the amended schedules, she filed the motion that is presently before the court seeking return of those taxes, which she apparently paid on October 30, 2009, in order to remove a "hold" that had been placed by the County on her motor vehicle registration.

## Discussion

The general rule is that a chapter 7 discharge discharges a debtor from all debts that arose, or are deemed to have arisen, before the filing of the order for relief under chapter 7. § 727(b), Bankruptcy Code.  In a voluntary case, the commencement of the case constitutes an order for relief. § 301, Bankruptcy Code.  When a case is converted from chapter 13 to chapter 7, the date of conversion is the date of the order for relief in the chapter 7 case. § 348(b), Bankruptcy Code.  Conversion, however, does not change the date of the filing of the petition or date of the commencement of the case. § 348(a), Bankruptcy Code.

The general rule that debts arising before the order for relief are discharged is subject to a number of exceptions, which are set forth in § 523(a)(1) through (19), Bankruptcy Code.  Among the debts that are not discharged are certain taxes. § 523(a)(1), Bankruptcy Code.  These include, among others, taxes that are entitled to priority under § 507(a)(8), Bankruptcy Code.  Relevant to the present motion, priority taxes include "a property tax *incurred before the commencement of*

*the case* and *last payable without penalty after one year before the filing of the petition*."

§ 507(a)(8)(B), Bankruptcy Code (emphasis added).

With respect to the 2007 personal property taxes, it is undisputed that liability for their payment arose as of January 1, 2007, and that the last day they could be paid without penalty was October 5, 2007.  January 1, 2007, is before the date of the commencement of the case.  But October 5, 2007—the last date for payment without a penalty—is "after one year before" the filing of the debtor's bankruptcy petition.  The petition, as noted, was filed on August 31, 2007.  One year before the filing of the petition was therefore August 31, 2006.  October 5, 2007, is plainly *after* August 31, 2006.  Thus the tax, even though it constitutes a prepetition liability, is simply not discharged.

Both in her motion and at oral argument the debtor asserts that the 2007 taxes, because they were assessed prior to the filing of the petition, were necessarily discharged.  However, whether a claim arose prepetition or post-petition is only half of the inquiry.  The other half is whether the claim, even if it arose prepetition, falls within one of the statutory exceptions to discharge.  Here, the tax in question plainly falls within the exception to discharge in § 523(a)(1), Bankruptcy Code.  For that reason the debtor's liability for the tax was not discharged, and the County's collection of the tax did not violate the discharge injunction.

O R D E R

For the foregoing reason, it is

**ORDERED:**

1. The motion for refund of personal property taxes is denied.

3

2. The debtor is advised that an appeal lies from this order to the United States District Court for the Eastern District of Virginia. Except as provided in Rule 8002(b) and (c), Federal Rules of Bankruptcy Procedure, any notice of appeal must be filed with the clerk of this court no later than <u>14 days</u> from the entry of this order. The filing fee for a notice of appeal is $155.00.

3. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____                     _____
                                                Stephen S. Mitchell
Alexandria, Virginia                            United States Bankruptcy Judge

Copies to:

Denise Ann Aime
5278 Germantown Road
Midland, VA 22728
Debtor *pro se*

Mary Catherine Sheridan, Esquire
Assistant County Attorney
10 Hotel Street, Suite 206
Warrenton, VA 20186